MANUEL FRANCISCO, ANTONIO, ROSA ELENA and RAQUEL LLUBERAS PASARELL; ANTONIO VALENTI MESTRE and GRACIELA LLUBERAS PASARELL; EMILIO BLASINI TOTTI and CELIA LLUBERAS PASARELL, Plaintiffs appellants, *v.* MARIO MERCADO E HIJOS (Sociedad Civil y Agrícola), Defendant and Appellee.

No. 7815. Argued January 17, 1939.—Decided June 8, 1939.

*L. López de Victoria,* for appellants; *Pedro M. Porrata* and *Félix Ochoteco, Jr.,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is a case of unlawful detainer begun on December 6th, 1937, and decided against the complainants on April 20th, 1938.

The losing party appealed and in its brief alleges that the lower court committed eight errors, 1, in not holding that a certain clause of an option to buy and lease was extinguished by payment; 2, 3 and 4, in not declaring said clause to be null *ab initio,* (*a*) because it is in violation of the Act to restrain usury, (*b*) because it establishes a contract whereby the owner of the mortgaged farm cannot contract with his title, and (*c*) because it tried to create "an uncreatable right of conventional redemption"; 5, in not considering said clause terminated by prescription; 6, in not holding that any rights that Mario Mercado e Hijos may have acquired under said clause had been transferred; 7, in admitting certain evidence, and 8, in holding that a sufficient

conflict of titles had arisen so that an unlawful detainer proceeding was not the proper proceeding to decide said conflict.

In the complaint it was alleged in substance that the complainants are the owners of a rural farm having an area of nearly 80 *cuerdas,* made up of three parcels of another of almost 42 *cuerdas* and of a half in common of thirty hundredths of a *cuerda,* and of another half in common of twenty-five hundredths of a *cuerda* to be used if possible for the installation of a pump to bring water from nearby springs. All these lands are situated in Guayanilla in the Ward Indios. The description of said lands in the complaint is complete.

They also alleged that they acquired said lands by purchase from Elvira Olivieri as appears from the public deed of March 9th, 1937, recorded in the Registry of Property; that they are segregations of a larger farm called "Los Indios" which belonged formerly to Elvira and Santia Olivieri, which property was leased by its prior owners to Mario Mercado e Hijos for ten years beginning on June 2nd, 1927; that the partnership which existed between Elvira and Santia was dissolved by public deed executed on August 20th 1936, that Mario Mercado e Hijos concurred in said deed, that from the farm "Los Indios" the four portions of land described were segregated and the first two in their entirety adjudicated to Elvira, and the half in common of the latter two were also adjudicated to her, all four parcels subject to the aforesaid contract of lease; that Mario Mercado e Hijos continue in material possession of the farms, holding possession without any title whatsoever since June 2nd, 1937, the date on which the contract expired, that they have refused to deliver them to their owners, the complainants, although friendly gestures to this effect has been made.

Based on the facts which we have summed all the complainants prayed for a judgment ordering the ejectment of

the defendants from the lands in question within the legal term.

The defendant demurred to the complaint alleging that sufficient facts were not alleged to constitute a cause of action because the complainants had no legal capacity to sue in regard to the portions held in common, due to a defect of party complainants and because there was an undue accumulation of parties and of actions, and because it was ambiguous, inintelligible and doubtful. At the same time the defendant answered denying that the complainants are the owners of the lands which they claim, and alleged on the contrary that it is the owner and legitimate possessor of the same.

In defense it alleged that on March 31, 1932 by a public deed Elvira Olivieri executed four promissory notes to bearer, due in 1939, for the amount of $10,000 each the first three, and for $11,256 the fourth, and that to guaranty said promissory notes she mortgaged two rural farms, one of them, "Los Indios", admitting in said deed that she owed Mario Mercado e Hijos $41,526.89 on a liquidated current account, and delivering to them in payment of said debt the aforesaid four promissory notes and contracting further more as follows:

"*Seventh: Option to buy and lease:* Notwithstanding the terms of the previous clause the debtor, as a part of the consideration of this contract, agrees with the partnership 'Mario Mercado e Hijos' to give them preference for the sale or lease of her tenancy in common in the farms 'Indios' and 'Juanita' on equal terms and price. For this purpose the debtor will communicate during the time that the mortgage credit has not been paid, by certified letter to 'Mario Mercado e Hijos' any offer to sell or lease which may be made to her, and said partnership shall have a term of thirty days to accept or refuse the proposition, and during said term the debtor shall not make a sale or lease to any other person. In case a sale or lease is made in violation of this contract 'Mario Mercado e Hijos' shall have the right of redemption against the purchaser or lessee which right it may exercise within 30 days after the recording of the sale or lease to subrogate itself in the place of the purchaser or lessee."

"*Eleventh:* The parties likewise agree that the material division of said farms shall not be made without the consent of 'Mario Mercado e Hijos' wh'le the mortgage hereby created is in effect."

The defendant refers to the deed of division of partnership of 1936 and alleges that according to its information and belief Elvira Olivieri on March 8th, 1937 while the clause of option of the deed of 1932 was in effect, and with deliberate intent of defrauding the defendant, sold the properties and tenancies in common subject to the option to the complainants for $40,000, that the purchasers knew of the right of the defendant and that on the following day, March 9th, 1937, the contract of sale was made by a public deed which was recorded in the Registry on March 23rd, 1937.

The defendant also alleges that it was not notified of the contract of March 8th, 1937, neither by Elvira nor by the complainants before the contract was entered into nor after, that the defendant learned of said contract on March 10th, 1937 from the complainant Manuel Francisco Lluberas, and that if it had been notified it would have been ready to pay, as it is, the same price paid by the complainants for said farms.

The defendant continues alleging in the complaint. the aforesaid facts referring to another civil case wherein it deposited in Court the amount of $45,359.50 at the disposition of the complainants to cover the amount paid by them in the contract of sale of the farms of Elvira.

Evidence was presented the transcript of which covered 668 pages of legal size paper, and the court as we said, decided the case against the complainants. In its statement of the case and opinion after stating the facts the court expressed itself as follows:

"The complainants alleged and discussed in their brief six reasons for the nullity of the 7th clause of option, *supra*, and these reasons have been answered by the defendant. An expos:tion of these reasons, their discussion and decision would force us to decide in this summary proceeding of unlawful detainer the merits of the case

No. 311 of annulment of contract, *supra*. We think that this in itself shows that the conflict of titles alleged by the defendant is not wanting of the proof required by the jurisprudence to dismiss a case of unlawful detainer. *Puerto Rico Leaf Tobacco Co.* v. *Colón*, 50 P.R.R. 291, and cases cited therein. See also *Suau* v. *Pol*, 44 P.R.R. 484.

"The case of *Martínez* v. *Figueroa*, 50 P.R.R. 908, cited by the complainants is, we think, not applicable to the facts in this case since the defendant has not alleged the nullity of the title of the complainants, but has alleged that they have no title from the date on which it may use of its right of option.

"It is true that in the case of *Pérez* v. *Castro*, 52 P.R.R. ____, it was decided that the mere presentation of the record of another case pending before the same court is not sufficient to raise a conflict of titles, and therefore the records of cases number 310 and 311, *supra*, presented as evidence in this case would not be sufficient of themselves to cause the dismissal of the complaint, but according to the facts proven, the court is of the opinion that the defendant has presented sufficient evidence to sustain the allegations found in the said two cases so that the conflict of titles which it has alleged is not lacking of legal basis and proof. We do not wish to reach any conclusions in this case which might affect the decision of the questions on their merits, but we do state that the evidence of the witnesses has shown (and this refers to the facts proven) that the plaintiffs had knowledge of the option alleged by the defendant before the signing of deed number 14 of March 9th, 1937, *supra;* that they knew that the defendant was trying to enforce said right before the cancellation of the mortgage, and that the defendant was never given a chance to make use of its option. Whether said option is void or not; whether or not it was ceded to the heirs of Tous Soto and the effect that deed number 72 of ratification executed on March 31st, 1937, may have, are matters which we do not decide in this case because we think as we have said before that they must be decided in case number 311 *supra*."

The extensive brief of the appellant does not convince us that the judge of the district court did not use the best road to follow in accordance with the facts and the law. It is true that the plaintiffs alleged and proved that they had a title of purchase on the lands in question and that therefore, *prima facie*, should be considered as the legiti-

44

mate owners of the same with the right to sue in unlawful detainer. But it is also true that the allegations and proofs of the defendant raise a series of complicated questions which tend to seriously impugn the validity of the plaintiffs' title, and it is a well recognized rule which has been decided· in a good number of cases that the summary proceeding of unlawful detainer is not the appropriate one within which to decide this question.

Therefore, without considering or deciding said questions on their merits, since this would prejudge the decision of the same in the corresponding case, we limit ourselves to holding that since no error existed on the part of the lower court in dismissing the complaint, the judgment appealed from should be affirmed.